ELMORE, Judge.
 

 *820
 
 Carlos Antonio Riley Jr. (defendant) pleaded guilty to possession of a firearm by a felon and was convicted of common law robbery upon evidence that he fled a traffic stop with an officer's badge, handcuffs, cell phone, and service weapon following an altercation with the officer. At sentencing, the trial court assigned four points to defendant's prior federal conviction, felon in possession of a firearm, which was listed as a Class G felony on the worksheet. He was sentenced as a prior record level IV offender.
 

 On appeal, defendant argues that he is entitled to a new sentencing hearing because the State failed to prove his federal conviction was "substantially similar" to a Class G felony in North Carolina. To the extent that the State failed to meet its burden of proof, any resulting error was harmless. The record contains sufficient information for this Court to determine that the federal offense of being a felon in possession of a firearm,
 
 18 U.S.C. § 922
 
 (g)(1), is substantially similar to the
 
 *496
 
 North Carolina offense of possession of a firearm by a felon,
 
 N.C. Gen. Stat. § 14-415.1
 
 (a), a Class G felony.
 

 At defendant's request, we have also reviewed the sealed records from Professional Standards Division of the Durham Police Department to determine if the trial court, after its
 
 in camera
 
 review, provided defendant with all exculpatory material in the records. Based upon our own review and our understanding of the evidence to which defendant had access, we have not discovered any
 
 Brady
 
 evidence in the sealed records which was not produced to defendant.
 

 I. Background
 

 The State's evidence tended to show the following: On 18 December 2012, Officer Kelly Stewart of the Durham Police Department was on patrol in a high drug crime area when he observed a vehicle parked alongside the curb near an intersection. A black male was standing outside the vehicle on the passenger's side. As the man walked away, the driver took off, burning rubber and fishtailing down the road. Officer Stewart activated his blue lights in his unmarked patrol car and pulled the vehicle over.
 

 Officer Stewart exited his patrol car and approached the driver's side of the vehicle. Defendant, the sole occupant, was in the driver's seat. In the course of the traffic stop, Officer Stewart noticed that defendant appeared nervous and repeatedly reached down to the floorboard. He
 
 *821
 
 ordered defendant out of the vehicle, placed his license and registration on the roof, and frisked him for weapons to confirm that he was unarmed. After the frisk, defendant took his license and registration off the roof of the vehicle and put them in his pants pocket. When Officer Stewart told defendant that he was not yet free to leave, defendant jumped back into his vehicle and revved the engine. Officer Stewart followed defendant into the vehicle and pulled the emergency brake as defendant started driving away. The two began fighting inside the vehicle, "going blow for blow" as Officer Stewart told defendant to "stop resisting."
 

 During the fight, defendant ripped the officer's badge off from his neck chain and knocked away his handcuffs. Positioned on his back with defendant on top of him, Officer Stewart drew his service weapon. Defendant grabbed the handgun and, as the two fought for control, Officer Stewart was shot in his right thigh. At that point, defendant took control of the handgun, pulled the officer out of the vehicle, and drove away. He was apprehended shortly thereafter. Officer Stewart's badge, handcuffs, and personal cell phone were eventually recovered elsewhere in Durham but his service weapon was never found.
 

 On 7 January 2013, a Durham County grand jury indicted defendant on charges of possession of a firearm by a felon, careless and reckless driving, assault on a law enforcement officer inflicting serious injury, assault on a law enforcement officer with a deadly weapon, robbery with a dangerous weapon, and two counts of assault with a firearm on a law enforcement officer. A superseding indictment was issued on 2 March 2015 for robbery with a dangerous weapon and assault on a law enforcement officer with a deadly weapon.
 

 Meanwhile, the Professional Standards Division of the Durham Police Department conducted an internal investigation to determine if Officer Stewart violated the department's professional standards during the traffic stop. Upon defendant's motion for production of exculpatory evidence, the trial court reviewed the internal investigation records
 
 in camera
 
 . At the hearing on defendant's motion, defense counsel indicated that he had been provided many, if not all, of the reports and statements in the sealed records. After its
 
 in camera
 
 review, the trial court ruled that there was no evidence in the sealed records "that constitutes exculpatory material under Brady versus Maryland, or any of its progeny."
 

 Before trial, defendant pleaded guilty to "possession of a firearm by a felon" in violation of
 
 N.C. Gen. Stat. § 14-415.1
 
 (a). He had also pleaded guilty in federal court on 5 August 2013 for being a "felon in possession of a firearm," in violation of
 
 18 U.S.C. §§ 922
 
 (g)(1) and 924(a)(2), based
 
 *822
 
 on conduct arising from the same incident. Defense counsel explained to the trial court:
 

 *497
 
 Mr. Riley intends to plead guilty to the possession of a firearm by a felon ... Your Honor. You know the federal equivalent he's pled guilty to, he's serving a ten-year term, so it's the same admission that he possessed the firearm at some point after the incident in the car and that he's pleading guilty to that.
 

 The jury ultimately acquitted defendant on all remaining charges except common law robbery, of which he was found guilty.
 

 At sentencing, the trial court determined that it would treat defendant's federal conviction as a Class G felony in assigning prior record level points:
 

 The Court finds ... [t]hat in our April 2nd, 2015, motion/hearing that we had here, there was evidence presented of a plea agreement and a judgment in the Middle District of North Carolina in case 1:13 CR 122-1 in which Mr. Riley pled guilty and was sentenced in federal jurisdiction to, among other things, violation of Title 18 of the United States Code Section 922(g)(1), which essentially says it's unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce," that that is a criminal offense that is substantially equivalent to a Class G felony of possession of a firearm by a felon in the State of North Carolina, which means that I am going to count the points related to that plea and conviction in federal court.
 

 The court assessed a total of ten prior record level points against defendant, including four points for his prior federal conviction. At a prior record level IV, defendant was sentenced in the presumptive range to fifteen to twenty-seven months of imprisonment for possession of a firearm by a felon, and nineteen to thirty-two months of imprisonment for common law robbery, set to begin at the expiration of his first sentence. Defendant gave notice of appeal in open court.
 

 *823
 

 II. Discussion
 

 Defendant argues that he is entitled to a new sentencing hearing because the trial court's prior record level determination was not supported by the record. Specifically, defendant contends that the State failed to prove, and no stipulation established, that defendant's prior federal conviction was substantially similar to a Class G felony in North Carolina.
 

 N.C. Gen. Stat. § 15A-1340.14 (2015) provides direction in calculating a criminal defendant's prior record level for felony sentencing. Points are assigned to each prior felony conviction, depending on its classification. N.C. Gen. Stat. § 15A-1340.14(b). The total number of points is then used to determine the prior record level. N.C. Gen. Stat. § 15A-1340.14(a), (c).
 

 A prior felony conviction in a different jurisdiction is classified according to subsection (e), which provides in pertinent part:
 

 Except as otherwise provided in this subsection, a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony.... If the State proves by the preponderance of the evidence that an offense classified as either a misdemeanor or a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points.
 

 N.C. Gen. Stat. § 15A-1340.14(e).
 

 The State may prove a defendant's prior conviction by any of the following methods:
 

 (1) Stipulation of the parties.
 

 (2) An original or copy of the court record of the prior conviction.
 

 (3) A copy of records maintained by the Department of Public Safety, the Division of Motor Vehicles, or of the Administrative Office of the Courts.
 

 (4) Any other method found by the court to be reliable.
 

 N.C. Gen. Stat. § 15A-1340.14(f).
 

 *824
 
 "Whether an out-of-state offense is substantially similar to a North Carolina offense
 
 *498
 
 is a question of law" which requires a comparison of their respective elements.
 
 State v. Burgess
 
 ,
 
 216 N.C.App. 54
 
 , 57,
 
 715 S.E.2d 867
 
 , 870 (2011) (citing
 
 State v. Hanton
 
 ,
 
 175 N.C.App. 250
 
 , 254,
 
 623 S.E.2d 600
 
 , 604 (2006) );
 
 see also
 

 State v. Sanders
 
 ,
 
 367 N.C. 716
 
 , 720-21,
 
 766 S.E.2d 331
 
 , 333-34 (2014) (holding that Tennessee offense of "domestic assault" was not substantially similar to North Carolina offense of "assault on a female," as the Tennessee offense did "not require the victim to be a female or the assailant to be male and of a certain age");
 
 State v. Hogan
 
 ,
 
 234 N.C.App. 218
 
 , 229-31,
 
 758 S.E.2d 465
 
 , 473-74 (holding that, based on "the disparity in [their] elements," the New Jersey offense of "third degree theft" was not substantially similar to North Carolina offense of "misdemeanor larceny"),
 
 writ denied
 
 ,
 
 disc. review denied
 
 ,
 
 appeal dismissed
 
 ,
 
 367 N.C. 525
 
 ,
 
 762 S.E.2d 199
 
 (2014).
 

 A party may establish the elements of the out-of-state offense by producing evidence of the applicable statute, including printed copies thereof.
 
 State v. Rich
 
 ,
 
 130 N.C.App. 113
 
 , 117,
 
 502 S.E.2d 49
 
 , 52 (1998) (citing
 
 N.C. Gen. Stat. § 8-3
 
 ). In
 
 Burgess
 
 , we held that the State failed to establish sufficient evidence of the out-of-state offenses because it was unclear whether the printed copies of the statutes offered by the State reflected the basis for the defendant's prior out-of- state convictions.
 
 216 N.C.App. at 57-58
 
 ,
 
 715 S.E.2d at 870
 
 . The out-of-state convictions listed "on the State's worksheet were not identified by statutes, but only by brief and non-specific descriptions" which could have described more than one offense in the other jurisdictions.
 
 Id.
 
 at 57,
 
 715 S.E.2d at 870
 
 (alterations, citations, and internal quotation marks omitted). In addition, the copies reflected the 2008 version of the statutes, and the State "presented no evidence that the statutes were unchanged from the 1993 and 1994 versions under which defendant had been convicted."
 
 Id.
 
 at 58,
 
 715 S.E.2d at
 
 870 ;
 
 see also
 

 State v. Morgan
 
 ,
 
 164 N.C.App. 298
 
 , 309,
 
 595 S.E.2d 804
 
 , 812 (2004) (holding that the State failed to prove the defendant's prior conviction in New Jersey was substantially similar to the North Carolina offense where the State produced a copy of the 2002 New Jersey statute but no evidence that the "statute was unchanged from the 1987 version under which Defendant was convicted").
 

 In this case, the State produced evidence of defendant's prior federal conviction through a copy of the federal district court record, which included the plea agreement and judgment. The judgment reveals that defendant pleaded guilty to one count of "felon in possession of a firearm" in violation of
 
 18 U.S.C. § 922
 
 (g)(1). As the State concedes, it is not clear from the transcript whether the prosecutor offered a copy of
 
 *825
 
 the federal statute,
 
 18 U.S.C. § 922
 
 (g)(1), to the trial court at sentencing. Although the court appears to have read a portion of the statute into the record, there is no evidence that the version of § 922(g)(1) relied upon by the trial court was the same version under which defendant was convicted, or if it was the most recent version, that the statute remained unchanged since defendant's conviction.
 

 To the extent that the State failed to meet its burden of proof at sentencing, however, the resulting error was harmless. The record contains sufficient information for this Court to determine that defendant's prior conviction in federal court was substantially similar to a Class G felony in North Carolina.
 
 Cf.
 

 State v. Henderson
 
 ,
 
 201 N.C.App. 381
 
 , 388,
 
 689 S.E.2d 462
 
 , 467 (2009) (remanding for resentencing where this Court "lack[ed] the information necessary to conduct our own substantial similarity analysis for harmless error purposes").
 

 Pursuant to
 
 18 U.S.C. § 922
 
 (g)(1), it is unlawful "for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm."
 
 18 U.S.C.A. § 922
 
 (g)(1) (2015).
 
 [1]
 
 The federal offense of being a felon in possession of a firearm requires proof that (1) the defendant had been convicted of a crime punishable by more than one year in prison, (2) the defendant possessed (3) a
 
 *499
 
 firearm, and (4) the possession was in or affecting commerce.
 

 Pursuant to
 
 N.C. Gen. Stat. § 14-415.1
 
 (a), it is unlawful in North Carolina "for any person who has been convicted of a felony to ... possess ... any firearm."
 
 N.C. Gen. Stat. § 14-415.1
 
 (a) (2015).
 
 [2]
 
 The state offense of possession of a firearm by a felon requires proof that (1) the defendant had been convicted of a felony and (2) thereafter possessed (3) a firearm. Any person who violates
 
 N.C. Gen. Stat. § 14-415.1
 
 (a) is guilty of a Class G felony.
 

 Id.
 

 There are two notable differences between the offenses, the first being the "interstate commerce" element. This "jurisdictional element" requires "the government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g)."
 
 United States v. Wells
 
 ,
 
 98 F.3d 808
 
 , 811 (4th Cir. 1996). It "is typically satisfied by proof that the firearm ..., or parts of the firearm, were
 
 *826
 
 manufactured in another state or country." Carl Horn, III,
 
 Fourth Circuit Criminal Handbook
 
 § 137, at 280 (2013 ed.);
 
 see, e.g.
 
 ,
 
 United States v. Gallimore
 
 ,
 
 247 F.3d 134
 
 , 138 (4th Cir. 2001) ("[T]he Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it." (citations omitted)). A conviction under
 
 18 U.S.C. § 922
 
 (g)(1) necessarily includes conduct which would violate
 
 N.C. Gen. Stat. § 14-415.1
 
 (a), but not vice versa. If, for example, the firearm was manufactured within the state, possessed by a felon within the same, and was not transported by any vehicle of interstate commerce, then possession would presumably fall short of conduct prohibited by § 922(g)(1). Such a situation seems unlikely, however, based upon the federal courts' broad interpretation of "in or affecting commerce."
 
 See, e.g.
 
 ,
 
 United States v. Verna
 
 ,
 
 113 F.3d 499
 
 , 502 (4th Cir. 1997) ("[E]vidence [the defendant] possessed and placed the bomb in an automobile, which travels the highways of North Carolina if not the federal highway system itself, is sufficient to fulfill section 922(g) 's requirement that [the defendant] have possessed the bomb 'affecting' interstate commerce.").
 

 The second difference concerns the persons subject to punishment. The federal offense requires that the person have been previously convicted of a crime "punishable by imprisonment for a term exceeding one year," while the North Carolina offense requires that the person have been previously "convicted of a felony." A felony conviction in North Carolina is not necessarily punishable by more than one year in prison.
 
 [3]
 

 See
 

 N.C. Gen. Stat. § 14-1
 
 (2015) (defining "felony" as "a crime which: [w]as a felony at common law; [i]s or may be punishable by death; [i]s or may be punishable by imprisonment in the State's prison; or [i]s denominated as a felony by statute");
 
 see also
 

 N.C. Gen. Stat. § 14-415.1
 
 (b) (2015) (defining "conviction," which would cause disentitlement under section 14-415.1, "as a final judgment in any case in which felony punishment,
 
 or imprisonment for a term exceeding one year, as the case may be
 
 , is authorized, without regard to the plea entered or to the sentence imposed" (emphasis added)). If convicted of a Class I felony, a defendant with a prior record level IV or higher may be imprisoned for a term exceeding one year, but a defendant with a prior record level III
 

 *827
 
 or lower faces only community or intermediate punishment. N.C. Gen. Stat. § 15A-1340.17 (2015) ;
 
 see also
 
 James M. Markham & Shea Riggsbee Denning,
 
 North Carolina Sentencing Handbook
 
 , at 22-23 (2014). Apart from this limited example, however, every other class of felony in North Carolina is punishable by imprisonment for a term exceeding one year and thus comports with the element of the federal offense.
 

 *500
 
 There may be other hypothetical scenarios which highlight the more nuanced differences between the two offenses. But the subtle distinctions do not override the almost inescapable conclusion that both offenses criminalize essentially the same conduct-the possession of firearms by disqualified felons. Both statutes remained unchanged in the 2012 to 2015 time period, and despite the differences we have discussed, the federal offense of being a felon in possession of a firearm is substantially similar to the North Carolina offense of possession of a firearm by a felon, a Class G felony. The trial court's prior record level determination was correct.
 

 A.
 
 Brady
 
 Evidence
 

 Defendant also requests this Court to review the sealed records to determine if the trial court, after its
 
 in camera
 
 review, provided defendant with all exculpatory material in the records.
 

 The Supreme Court of the United States held in
 
 Brady v. Maryland
 
 ,
 
 373 U.S. 83
 
 ,
 
 83 S.Ct. 1194
 
 ,
 
 10 L.Ed.2d 215
 
 (1963), that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."
 

 Id.
 

 at 87
 
 ,
 
 83 S.Ct. at 1196-97
 
 ,
 
 10 L.Ed.2d at 218
 
 . "Evidence favorable to an accused can be either impeachment evidence or exculpatory evidence."
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 636,
 
 669 S.E.2d 290
 
 , 296 (2008) (citing
 
 United States v. Bagley
 
 ,
 
 473 U.S. 667
 
 , 676,
 
 105 S.Ct. 3375
 
 , 3380,
 
 87 L.Ed.2d 481
 
 , 490 (1985) ). Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."
 
 Bagley
 
 ,
 
 473 U.S. at 682
 
 ,
 
 105 S.Ct. at 3383
 
 ,
 
 87 L.Ed.2d at
 
 494 ;
 
 see also
 

 State v. Alston
 
 ,
 
 307 N.C. 321
 
 , 337,
 
 298 S.E.2d 631
 
 , 642 (1983) ("In determining whether the suppression of certain information was violative of the defendant's right to due process, the focus should not be on the impact of the undisclosed evidence on the defendant's ability to prepare for trial, but rather should be on the effect of the nondisclosure on the outcome of the trial." (citations omitted)).
 

 *828
 
 Defendant included in the record on appeal the transcript from the hearing on his
 
 Brady
 
 motion. At the hearing, the trial court identified several pieces of evidence in the sealed records which may have been helpful to defendant for purposes of cross-examination. Defense counsel confirmed his own possession of the evidence identified by the trial court. Based upon our own review and our understanding of the evidence to which defendant had access, we have not discovered any
 
 Brady
 
 evidence in the sealed records which was not produced to defendant.
 

 III. Conclusion
 

 To the extent that the State failed to produce evidence of the prior offense under which defendant was convicted, the error was harmless. There is sufficient information in the record to conclude that the federal offense of being a felon in possession of a firearm is substantially similar to the North Carolina offense of possession of a firearm by a felon, a Class G felony. We have also reviewed the sealed records and found no additional evidence therein to which defendant was constitutionally entitled.
 

 NO PREJUDICIAL ERROR.
 

 Judges DIETZ and TYSON concur.
 

 [1]
 

 18 U.S.C. § 922
 
 (g)(1) remained unchanged from 2012, when defendant was charged, to 2015, when defendant was tried.
 

 [2]
 

 N.C. Gen. Stat. § 14-415.1
 
 (a) also remained unchanged from 2012 to 2015.
 

 [3]
 

 The U.S. Court of Appeals for the Fourth Circuit has held that whether a predicate offense is "punishable by imprisonment for more than one year" depends on the maximum sentence the defendant could have actually received given his prior record level and the court's finding of aggravating factors, rather than the maximum aggravated sentence that could have hypothetically been imposed upon a defendant with the highest possible record level.
 
 United States v. Simmons
 
 ,
 
 649 F.3d 237
 
 (4th Cir. 2011).