**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4521**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NEHEMIAH CHRISTOPHER AUSTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:20-cr-00004-D-1)

Submitted:  November 30, 2021                    Decided:  December 16, 2021

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Sarah M. Powell, Durham, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nehemiah Christopher Austin pleaded guilty, pursuant to a written plea agreement, to possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Austin to 76 months' imprisonment. On appeal, Austin challenges the sufficiency of the indictment, the validity of his guilty plea, and the reasonableness of his sentence. The Government has moved to dismiss Austin's appeal based upon a waiver of appellate rights in the plea agreement. For the reasons explained below, we affirm in part and dismiss in part.

We begin with the recognition that even a valid appeal waiver does not prevent our review of certain claims. For instance, a defendant cannot waive a colorable claim that his guilty plea was not knowing and voluntary. *United States v. Cohen*, 888 F.3d 667, 683-84 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Nor does a valid appeal waiver bar a defendant's claim that "a factual basis is insufficient to support [his] guilty plea." *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). Here, Austin makes both of those claims. Accordingly, we deny the Government's motion to dismiss in part, and before assessing the validity of the appeal waiver, we will resolve Austin's challenges to his guilty plea.

Prior to accepting a guilty plea, the district court (or in this case, the magistrate judge based on Austin's consent) must conduct a plea colloquy during which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights

2

he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Relaying this information ensures that the defendant's plea is knowing. The court also must make certain that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Here, Austin asserts that his guilty plea is invalid for a number of reasons.[1] Austin first claims that there is an insufficient factual basis for his guilty plea in light of *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that to convict a defendant under 18 U.S.C. § 922(g), "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). However, Austin stipulated that he knew at the time that he possessed the firearm that he had been convicted of a crime punishable by more than a year in prison. Moreover, the Government proffered during the guilty plea hearing that Austin had been convicted of common law robbery in 2014 and received a sentence of 14 to 26 months' imprisonment. Notably, the

---

[1] The parties dispute the standard of review that we should apply to Austin's challenge to his guilty plea. The Government asserts that we should review his challenge for plain error only because Austin failed to move to withdraw his guilty plea in the district court. *See United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). On the other hand, Austin asserts that we should apply the standard of review for preserved guilty plea challenges because he did not have a meaningful opportunity to move to withdraw his guilty plea. *See* Fed. R. Crim. P. 51(b); *United States v. Bolden*, 964 F.3d 283, 287 (4th Cir. 2020). We assume, without deciding, that Austin is correct. We thus apply de novo review in assessing the knowing and voluntary nature of Austin's guilty plea, *see United States v. General*, 278 F.3d 389, 393 (4th Cir. 2002), and we apply abuse of discretion review in evaluating the factual basis finding, *see United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997).

record shows that Austin actually served 16 months in prison for that offense, so he would have known that it was punishable by more than a year in prison. *See United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (recognizing that the factual basis "may be established from anything that appears on the record" (internal quotation marks omitted)); *cf. Greer v. United States*, 141 S. Ct. 2090, 2098 (2021) ("Convicted felons typically know they're convicted felons." (internal quotation marks omitted)). We are satisfied that those facts are sufficient to establish the knowledge-of-status element recognized in *Rehaif*, and we thus reject Austin's challenge to the sufficiency of the factual basis. *See United States v. Moody*, 2 F.4th 180, 197 (4th Cir. 2021) (explaining that *Rehaif* obliges Government to prove defendant's knowledge of status and does not require proof that defendant also knew that his status prohibited firearm possession).

Austin next claims that his guilty plea was invalid because he lacked notice of the predicate conviction on which the Government relied to support the § 922(g)(1) charge. However, Austin was advised during the guilty plea hearing of the two convictions upon which the Government was relying. At that point, because the magistrate judge had yet to accept the guilty plea, Austin could have refused to plead guilty until he and his lawyer further investigated whether those convictions were proper predicates. *See* Fed. R. Crim. P. 11(d)(1). But Austin declined to do so.

Austin also asserts that the lack of notice problem was exacerbated by the fact that one of the convictions upon which the Government relied at the guilty plea hearing—i.e., his North Carolina conviction for possession with intent to sell and distribute marijuana in 2015—is not a crime punishable by more than a year in prison under North Carolina law

and thus cannot serve as a predicate for a § 922(g)(1) charge.[2] Even assuming that Austin is correct, we conclude that this fact does not undermine Austin's guilty plea. Put simply, Austin stipulated that he knew that he had been convicted of an offense punishable by more than a year in prison when he possessed the firearm, and he has never disputed that his common law robbery conviction is a proper § 922(g)(1) predicate. We thus reject Austin's claim that his guilty plea is invalid because he lacked adequate notice of the predicate supporting the § 922(g)(1) charge.

Additionally, Austin argues that his guilty plea should be vacated because he ultimately obtained little benefit from the plea agreement. But we are satisfied that this argument fails for at least two reasons. First, Austin understates the benefits that he received from the plea bargain. In particular, Austin received a three-level decrease for acceptance of responsibility plus a beneficial sentencing recommendation from the Government in exchange for his guilty plea. *Cf. United States v. Lockhart*, 947 F.3d 187, 190-91, 194-97 (4th Cir. 2020) (en banc) (vacating guilty plea where defendant was misinformed of elements of § 922(g)(1) offense and potential penalties for that offense,

---

[2] Austin claims that certain felony offenses in North Carolina—including his offense of possession with intent to sell and distribute marijuana—are not always punishable by imprisonment for a term exceeding one year. *Compare United States v. Barlow*, 811 F.3d 133, 137 (4th Cir. 2015) (explaining that, after North Carolina enacted the Justice Reinvestment Act in 2011, "all North Carolina felonies . . . qualify as federal predicate felonies" for purposes of § 922(g)(1)), *with State v. Riley*, 802 S.E.2d 494, 499 (N.C. Ct. App. 2017) ("If convicted of a Class I felony, a defendant with a prior record level IV or higher may be imprisoned for a term exceeding one year, but a defendant with a prior record level III or lower faces only community or intermediate punishment."). Insofar as a conflict may exist between *Barlow* and *Riley*, we need not resolve it here.

and that misinformation caused him to accept plea bargain that offered him virtually no benefit). Second, we generally do not relieve a defendant of his decision to plead guilty predicated on his "buyer's remorse." *Dingle v. Stevenson*, 840 F.3d 171, 174 (4th Cir. 2016) ("Pleading guilty typically entails a deliberate choice to accept the risks and rewards of a deal, and that decision may not be casually set aside on the basis of buyer's remorse.").

Finally, Austin asserts that his guilty plea should be set aside because his trial counsel misadvised him about the predicates that could support the § 922(g)(1) charge and his potential advisory Sentencing Guidelines range. Preliminarily, we note that Austin disclaims in his reply brief any intention of pursuing a standalone ineffective assistance of trial counsel claim on direct appeal. Moreover, we generally do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). And we are satisfied that any ineffectiveness by Austin's trial counsel does not conclusively appear on the face of this record. So, we are unpersuaded that we should vacate Austin's guilty plea on this ground.

At bottom, we conclude that Austin's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. The magistrate judge thus did not err in accepting Austin's guilty plea. We therefore affirm in part the criminal judgment.

Turning to the remaining issues that Austin pursues on appeal—that the indictment is deficient and that his sentence is unreasonable—those issues implicate the appeal waiver. Upon our review of the record, we conclude that the appeal waiver contained in Austin's plea agreement is valid and enforceable, as Austin entered it knowingly and voluntarily.

6

*See United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). Furthermore, we are satisfied that Austin's challenges to the indictment and his sentence are within the appeal waiver's scope. Accordingly, we grant the Government's motion to dismiss in part and dismiss Austin's appeal as to those issues.

For those reasons, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*