An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-553

Filed 18 February 2026

Pitt County, No. 22CR052960-730

STATE OF NORTH CAROLINA

       v.

STEVEN ALBERT KHOURI

Appeal by Defendant from Judgments and Order entered 7 October 2024 by Judge Jeffery B. Foster in Pitt County Superior Court. Heard in the Court of Appeals 15 January 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Katashia L. Cooper, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Candace Washington, for Defendant-Appellant.*

HAMPSON, Judge.

## Factual and Procedural Background

Steven Albert Khouri (Defendant) appeals from Judgments entered pursuant to a plea agreement whereupon he pleaded guilty to Second-Degree Sexual Exploitation of a Minor and Second-Degree Sexual Offense and from an Order

requiring him to register as a sex offender. The Record before us tends to reflect the following:

On 27 June 2022, Defendant was indicted on First-Degree Sexual Exploitation of a Minor, First-Degree Statutory Sexual Offense, and two counts of First-Degree Statutory Rape. On 7 October 2024, the State filed a superseding bill of information charging Defendant with First-Degree Sexual Exploitation of a Minor, First-Degree Statutory Sexual Offense, First-Degree Statutory Rape, and Second-Degree Sexual Offense.

Pursuant to an agreement with the State, Defendant pleaded guilty to Second-Degree Sexual Exploitation of a Minor and Second-Degree Sexual Offense; all other charges were dismissed. At sentencing, the State asked the trial court to count one of Defendant's prior out-of-state convictions—a 1991 Florida felony conviction for attempted sexual battery—as a class D felony for purposes of calculating Defendant's prior record level. The State argued this conviction was substantially similar to either the North Carolina offense of "forcible second-degree sexual offense" or to "forcible rape":

> [The State]: Your Honor, in looking at the elements of the offense, they mirror the second degree forcible [sexual] offense or forcible rape in our own statutes talking about by force against the person's will or mental incapacitation. So we would argue that this would be the equivalent of a D felony.

In support of its argument, the State provided the trial court with the 2024 version of the Florida statute under which Defendant was convicted.[1] Defense counsel, for its part, argued the trial court could not determine whether the Florida offense was substantially similar to a North Carolina offense because the Florida statute had been amended "roughly a dozen times" in the intervening years since Defendant's conviction and it was unclear whether the trial court had been provided with "the statute that was in effect in 1991[.]"

The trial court found Defendant's Florida conviction was substantially similar to N.C. Gen. Stat. § 14-27.24:

> [Trial Court]: All right. I'm going to find that 14-27.24, sexual acts are substantially similar to those of sexual battery that the statute designation for first-degree as to in the Florida statute. This statute is consistent with our class C felony. And therefore, because it's an attempted class C I find that's an appropriate qualification.[2]

Based on this Finding, the trial court determined Defendant had a prior record level of III. The trial court sentenced Defendant to 96 to 176 months of imprisonment for Second-Degree Sexual Offense and 33 to 100 months of imprisonment for Second-

---

[1] The Record indicates the State also provided the trial court with at least one North Carolina statute: N.C. Gen. Stat. § 14-27.21, which governs first-degree forcible rape.

[2] The trial court may have misstated the code section for the applicable statute, as N.C. Gen. Stat. § 14-27.24 corresponds to first-degree statutory rape, which is a class B1 felony, not a class C felony. Additionally, it is not entirely clear from the Record whether the trial court intended to classify Defendant's Florida conviction as a class C felony or, alternatively, as a class D felony as the State requested; however, class C and class D felonies carry the same number of points for sentencing purposes, so this discrepancy does not affect our present inquiry. *See* N.C. Gen. Stat. § 15A-1340.14(b)(2) (2023).

Degree Sexual Exploitation of a Minor. Additionally, Defendant was ordered to register as a sex offender for his natural life. Defendant timely filed Notice of Appeal.

## Issue

The issue on appeal is whether the trial court had sufficient evidence to find Defendant's prior out-of-state felony conviction was substantially similar to a North Carolina offense.

## Analysis

Generally, "a conviction occurring in a jurisdiction other than North Carolina is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony[.]" N.C. Gen. Stat. § 15A-1340.14(e) (2023). However, "[i]f the State proves by the preponderance of the evidence that an offense classified as . . . a felony in the other jurisdiction is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher, the conviction is treated as that class of felony for assigning prior record level points." *Id.*

"The Court of Appeals has held that, for purposes of determining 'substantial similarity' under N.C.G.S. § 15A-1340.14(e), a party may establish the elements of an out-of-state offense by providing 'evidence of the statute law of such state.' " *State v. Sanders*, 367 N.C. 716, 718, 766 S.E.2d 331, 332 (2014) (quoting *State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998), *disc. review denied*, 349 N.C. 237, 516 S.E.2d 605). "Further, the Court of Appeals has consistently held that when evidence of the applicable law is not presented to the trial court, the party seeking a

determination of substantial similarity has failed to meet its burden of establishing substantial similarity by a preponderance of the evidence." *Id.* (citing *State v. Morgan*, 164 N.C. App. 298, 309, 595 S.E.2d 804, 812 (2004)) (other citations omitted).

Here, Defendant argues his case must be remanded for resentencing because "the State failed to present any evidence that the statute was the same version in effect when [he] was convicted in 1991." In *State v. Morgan*, the defendant had previously been convicted of third-degree homicide in New Jersey. 164 N.C. App. at 306, 595 S.E.2d at 810. At sentencing for an unrelated conviction in North Carolina, the State provided the trial court with the 2002 version of the New Jersey statute, not the 1987 version under which the defendant had been convicted. *Id.* at 309, 595 S.E.2d at 812. On appeal, the Court held that without evidence the "New Jersey homicide statute was unchanged from the 1987 version[,]" the State had failed to show the defendant's out-of-state conviction was substantially similar to a corresponding North Carolina offense and, consequently, remanded the case for resentencing. *Id.*

More recently, this Court applied this same principle in *In re Alcantara*, 291 N.C. App. 430, 896 S.E.2d 152 (2023). In that case, the State had produced the 2021 version of an out-of-state statute, even though the defendant had been convicted under the 2003 version of the statute. 291 N.C. App. at 431, 896 S.E.2d at 153. We held that "[b]y failing to present the trial court with the [version of the statute the defendant was convicted under] or evidence that there had not been any changes in

the intervening 18 years, the State failed to meet its burden to present sufficient evidence of the applicable statute." *Id.* at 434, 896 S.E.2d at 154.

In the instant case, the State effectively concedes it did not provide the 1991 version of the Florida statute but asks us to depart from *Morgan* and *Alcantara* and conduct a harmless error analysis instead. Generally, "whether a particular out-of-state conviction is substantially similar to a particular North Carolina offense is subject to harmless error review[,]" *State v. Weldon*, 258 N.C. App. 150, 160, 811 S.E.2d 683, 691 (2018) (citations omitted), but we have identified only one clear instance in which this Court has applied harmless error review to the State's failure to meet its burden of demonstrating substantial similarity,[3] s*ee State v. Riley*, 253 N.C. App. 819, 802 S.E.2d 494 (2017).

In *Riley*, the trial court determined the defendant's prior federal conviction was substantially similar to a North Carolina offense. 253 N.C. App. at 822, 802 S.E.2d at 497. On appeal, the State conceded it was "not clear from the transcript whether the prosecutor offered a copy of the federal statute[ ] . . . to the trial court at

---

[3] *State v. Bohler* also presents a set of facts where the State failed to prove the defendant's out-of-state felony convictions were substantially similar to North Carolina offenses. 198 N.C. App. 631, 638, 681 S.E.2d 801, 806 (2009). However, the *Bohler* Court concluded the defendant's prior record level would have been the same even if the trial court had assigned the default point values to the convictions. *Id.* Thus, the Court in *Bohler* ultimately reviewed the calculation of defendant's prior record level for harmless error—which is a well-established practice. *See, e.g., State v. Lindsay*, 185 N.C. App. 314, 315, 647 S.E.2d 473, 474 (2007) ("This Court applies a harmless error analysis to improper calculations of prior record level points." (citing *State v. Bethea*, 173 N.C. App. 43, 61, 617 S.E.2d 687, 698 (2005)) (second citation omitted))). In the case at bar, Defendant's prior record level would be II instead of III if the trial court had treated the Florida conviction as a class I felony; therefore, *Bohler* is not directly applicable here.

sentencing." *Id.* at 824-25, 802 S.E.2d at 498. This Court further observed there was "no evidence that the version of [the federal statute] relied upon by the trial court was the same version under which defendant was convicted, or if it was the most recent version, that the statute remained unchanged since defendant's conviction." *Id.* at 825, 802 S.E.2d at 498. Nonetheless, the Court concluded any failure by the State to meet its burden of proof at sentencing was harmless. *Id.* In reaching this conclusion, the Court specifically noted the federal statute had remained unchanged in the three years since the defendant had been convicted. *Id.* at 825 n.1, 802 S.E.2d at 498 n.1; *cf. Morgan*, 164 N.C. App. at 309, 595 S.E.2d at 812 (remanding for resentencing because of a lack of evidence the statute was unchanged).

Here, by contrast, neither party disputes the Florida statute at issue has undergone numerous revisions in the years since Defendant's conviction. Thus, the present facts are closer to those of *Morgan* and *Alcantara* than to *Riley*. However, the State further argues we may conduct a harmless error analysis even if the statute has been amended, so long as the revisions have not "substantively alter[ed]" the offense. *See In re Pellicciotti*, 285 N.C. App. 451, 452 n.1, 878 S.E.2d 155, 157 n.1 (2022). In *Pellicciotti*, the trial court had found the defendant's 1995 conviction was for an offense substantially similar to a North Carolina offense using the 2012 version of the statute. *Id.* The Court, addressing this discrepancy in a footnote, made two significant observations: (1) the 2012 version of the statute had been amended since 1995, but was not "substantively alter[ed]" from the 1995 version; and (2) the

"apparent discrepancy" between the versions of the statutes used had not been made an issue on appeal. *Id.* We believe the latter observation is most significant to our present inquiry.

Because the defendant in *Pellicciotti* presented no argument to this Court that the State had failed to meet its burden of proof, this Court should not have made—and did not make—any determination as to the appropriateness of the statute used. *See* N.C. R. App. P. 28(b)(6) (2025) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."); *In re E.H.*, 388 N.C. 100, 108, 919 S.E.2d 233, 239 (2025) ("Addressing issues that the parties never raised, preserved, and asserted on appeal is harmful for several reasons."). Here, by contrast, the "discrepancy" between the versions of the statutes the trial court used to conduct its analysis is the entire basis of Defendant's appeal. Thus, we find *Pellicciotti* inapplicable to our analysis.

The Record shows the Florida statute has been amended numerous times over the years. Indeed, the State has produced the statute's comprehensive legislative history in its briefing to this Court in support of its argument that the 2024 Florida statute is substantively unaltered from its 1991 version. But—even presuming we could conduct a harmless error analysis in the present case—the State did not present this legislative history to the trial court, nor has it been included in the Record on appeal, and "it is not the proper role of this Court to engage in that determination in this case as neither we nor the trial court were presented with the necessary facts to

make such a determination." *State v. Henderson*, 201 N.C. App. 381, 388, 689 S.E.2d 462, 467 (2009) (citation omitted); *see also* N.C. R. App. P. 9(a) (2025) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal."). Accordingly, under *Morgan*, the appropriate remedy in this case is to remand for resentencing.

Thus, because the State did not provide the trial court with the 1991 version of the Florida statute—or evidence the 2024 statute was unchanged from the 1991 version—the State failed to meet its burden of establishing substantial similarity. *See Morgan*, 164 N.C. App. at 309, 595 S.E.2d at 812. Therefore, the trial court erred in classifying Defendant's prior out-of-state felony conviction above class I. Consequently, we remand the case for resentencing.

## **Conclusion**

Accordingly, for the foregoing reasons, we remand this case for resentencing. " 'In the interests of justice, both the State and defendant may offer additional evidence at the resentencing hearing.' " *Id.* (alteration omitted) (citing *State v. Hanton*, 140 N.C. App. 679, 690, 540 S.E.2d 376, 383 (2000)).

REMANDED FOR RESENTENCING.

Chief Judge DILLON and Judge MURRY concur.

Report per Rule 30(e).