An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-672

Filed 17 September 2025

Guilford County, No. 20 CRS 065648-400

STATE OF NORTH CAROLINA

v.

ROBERT DAVIS, Defendant.

Appeal by Defendant from order entered 1 February 2024 by Judge Richard Gottlieb in Guilford County Superior Court. Heard in the Court of Appeals 20 March 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Eric J. Meehan, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for Defendant–Appellant.*

MURRY, Judge.

Robert Davis (Defendant) appeals the trial court's order requiring him to register as a sex offender for life. Defendant argues that the trial court erred in determining him to be a recidivist without first finding his prior federal conviction to be substantially similar to a reportable North Carolina offense. For the reasons

below, this Court denies Defendant's petition for writ of certiorari (PWC) and dismisses the appeal.

## I. Background

In 2015, Defendant's niece (Niece) reported to local authorities that Defendant had sexually abused her. Law-enforcement officials terminated their investigation when she declined to testify in court. After the North Carolina State Bureau of Investigation found in 2019 that Defendant had downloaded child pornography, he was federally convicted of "Receipt of Child Pornography" in North Carolina's Middle District under 18 U.S.C. § 2252(a)(2)(A), (b)(1). Authorities reviewed Niece's previous allegations as part of their investigation, at which point Defendant admitted to sexually abusing her.

On 16 March 2020, the State indicted Defendant for attempted first-degree sexual offense and indecent liberties with a child under North Carolina law. N.C.G.S. § 14-27.26(a) (sexual offense); *id.* § 14-202.1(a) (indecent liberties). On 1 February 2024, Defendant pled guilty to one count of indecent liberties with a child and one count of attempted first-degree sexual offense in exchange for the State's dismissal of seven other pending charges of indecent liberties with a child and eight pending charges of first-degree sexual offense. As part of its factual basis for the plea, the State introduced a prior record level (PRL) worksheet. In this worksheet, Defendant

stipulated to both the prior federal conviction for receiving child pornography and treatment of the conviction as a Class I felony for sentencing purposes.

At the 1 February 2024 sentencing hearing, the trial court completed a Judicial Findings and Order for Sex Offenders form (AOC-CR-615) that contains certain pre-printed language. The State and Defendant disagreed as to whether Defendant was a "recidivist" for purposes of sex-offender registration. Because Defendant had been arrested and charged at around the same time for both the federal and state offenses but had committed the state offense five years earlier, Defendant's sole argument was that he was not a recidivist because he had not been federally convicted at the time he committed his state offenses. **{T p 19-20** Indicating through a series of checkboxes on AOC-CR-615, the Court found that Defendant "ha[d] been convicted of a reportable conviction under [N.C.]G.S. [§] 14-208.6, specifically . . . a sexually violent offense under [N.C.]G.S. [§] 14-208.6(5)." It also found that he "is . . . a recidivist (*at least one prior reportable conviction*) [under N.C.]G.S. § 14-208.6(2b)" because his prior "offense[ ] . . . did . . . involve the physical, mental, or sexual abuse of a minor." At no point did Defendant object to the trial court's finding that the federal conviction was substantially similar to a North Carolina offense.

The trial court ultimately found Defendant to be a recidivist and checked the corresponding box on the AOC-CR-615. Because Defendant was already imprisoned at the time, the trial court concluded that he did not require satellite-based monitoring (SBM). But because it found him a recidivist, the trial court ordered

Defendant to register as a sex offender for the remainder of his natural life under N.C.G.S. § 14-208.23. He orally appealed in open court "on the recidivist issue" based on his lack of federal "convict[ion] . . . when he committed the [State] offense."

## II. Jurisdiction

As a threshold matter, we address whether to invoke North Carolina Appellate Procedure Rule 2 to review his unpreserved challenge to his federal and state convictions for "substantially similar . . . offense[s]." N.C.G.S. § 14-208.6(4)(b) (2023); *see* N.C. R. App. P. 2 [hereinafter Rule 2]. On appeal, Defendant asserts that "the trial court erred by concluding that [his] federal conviction rendered him a 'recidivist' under N.C.G.S. § 14-208.6(2b) without . . . finding . . . it . . . substantially similar to a reportable North Carolina offense." Our appellate rules require a party who seeks appellate review of a sex-offender-registration order to object before the trial court and file a written notice of appeal. *See State v. Ricks*, 378 N.C. 737, 738 (2021).

## A. Failure to Preserve

Defendant's argument suffers from two separate (and equally fatal) preservation issues. *First*, he failed to object and raise this argument at his sentencing hearing. *Second*, he did not properly file written notice of appeal. Defendant thus asks this Court to take two extraordinary steps: (1) issue a writ of certiorari to hear this appeal and (2) invoke Rule 2 to address his unpreserved argument. *See State v. Hart*, 361 N.C. 309, 315 (2007) (allowing "suspension or variance of the Rules to prevent manifest injustice" (citation modified; quoting Rule

2)). We decline to do so. *See State v. Walston*, 294 N.C. App. 622, 625 (2017) (declining to grant PWC "[b]ecause [d]efendant's argument lack[ed] merit").

### 1. Sentencing Hearing

To preserve an issue for appellate review, a defendant must "present[ ] to the trial court a timely request, objection, or motion" that "stat[es] the specific grounds for the ruling" he wants the trial "court to make if the specific grounds were not apparent from the context." Rule 10(a)(1). Otherwise, the defendant waives "an error . . . that [he] does not bring to the trial court's attention." *State v. Bursell*, 372 N.C. 196, 199 (2019) (quotation omitted). Under certain circumstances, we may suspend our other Rules and reach the merits of an unpreserved issue. *See* Rule 2. But we may only invoke Rule 2 "in exceptional circumstances" when either "injustice . . . appears manifest" or when the case presents "significant issues of importance in the public interest." *Hart*, 361 N.C. at 315–16 (quotation omitted).

Although Defendant gave oral notice of appeal "in light of the trial court's ruling on the recidivism issue," he did not object to its substantial-similarity finding. The parties and the trial court discussed at length the issue of whether Defendant was a recidivist for sentencing purposes. Nonetheless, the trial court found Defendant to be a recidivist and ordered him to register as a sex-offender for the rest of his natural life. At no point did Defendant object to the trial court's finding that his federal offense was substantially similar to a reportable North Carolina offense.

### 2. Rule 3 Compliance

A defendant appealing a civil order must also timely "fil[e] notice of appeal with the clerk of superior court and serv[e] copies thereof upon all other parties." Rule 3(a); *see In re Laliveres*, 292 N.C. App. 422, 424 (2024) (holding that sex-offender registration orders are civil orders); *Crowell Constr'rs, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563–64 (1991) (when "record does not contain a notice of appeal in compliance with Rule 3, th[is] Court . . . ha[s] no jurisdiction"). An oral notice of appeal alone cannot "confer jurisdiction on this Court." *State v. Brooks*, 204 N.C. App. 193, 194–95 (2001) (citing Rule 3(a)). Because Defendant failed to either properly file notice of appeal or show any underlying merit, we decline to grant certiorari to exercise jurisdiction over his appeal.

Had Defendant met the preservation and filing requirements, he nonetheless fails to demonstrate merit. Though this Court may issue a PWC "when the right to prosecute an appeal has been lost by failure to take timely action," Rule 21(a)(1), Rule 21 "cannot be used to circumvent the Rules of Appellate Procedure." *Ricks*, 378 N.C. at 738. Our Supreme Court has "establishe[d] a two-factor test to assess whether certiorari review by an appellate court is appropriate." *Cryan v. Nat'l Council of YMCA of the U. S.*, 384 N.C. 569, 572 (2023). The appellant must show (1) either "merit or that error was probably committed below," and (2) that "extraordinary circumstances" "justify" appellate review. *Id.* (quotations omitted). Here, even if Defendant had properly preserved his argument for appellate review and filed appropriate written notice of appeal, he would still have to show (1) merit and (2)

extraordinariness. *Id.* A PWC cannot "substitute for a notice of appeal" because such would "render meaningless the rules governing the time and manner of noticing appeals." *State v. Bishop*, 255 N.C. App. 767, 769 (2017).

## B. Defendant's Recidivism

Even if we extended Defendant procedural grace, he cannot "show merit or" "probabl[e]" "error . . . committed below" that would otherwise justify a writ of certiorari. *Walston*, 294 N.C. App. at 623 (quotation omitted). In his brief, Defendant asserts that the trial court did not "find [a] substantial similarity" between his prior federal conviction and subsequent state conviction for child-pornography possession. A trial court's documented findings "on pre-printed, standard forms"—here, AOC-CR-615—presumptively adhere to applicable respective "statutory and due[-]process requirements" absent material evidence to the contrary. *State v. Johnson*, 246 N.C. App. 132, 136 (2016). Any "State resident . . . [with] a reportable conviction" on his record must "maintain registration with [his local] sheriff," N.C.G.S. § 14-208.7(a), "or penal institution" when incarcerated, *id.* § 14-208.14(a)(1). If a trial court finds a particular defendant to be a "recidivist," he must "maintain [this] registration" for the rest of his natural life. *Id.* § 14-208.23. Section 14-208.6 defines a recidivist in this context as someone with a prior "final conviction in a federal jurisdiction of an offense[ ] *substantially similar* to" any one of several enumerated "sexually violent offense[s]" under state law. *Id.* § 14-208.6(4)(c), (5) (emphasis added; ellipses omitted).

### *1.* **State v. Springle**

In support of his argument, Defendant invokes *State v. Springle*, in which this Court remanded a defendant's judgment for resentencing because "the State fail[ed] to demonstrate the substantial similarity of [the] defendant's out-of-state convictions to North Carolina crimes" and "the trial court fail[ed] to determine, either orally or in writing, that the out-of-state convictions [we]re substantially similar to North Carolina offenses *for purposes of enrollment in* [*SBM*]." *State v. Springle*, 244 N.C. App. 760, 761 (2016) (emphasis added).

In *Springle*, the trial court orally found the defendant to be a recidivist and ordered him to enroll in lifetime SBM. *Id.* However, the trial court failed to note these findings on the defendant's AOC-CR-615. *Id.* At a subsequent "bring-back hearing," the trial court reconsidered the issue of the defendant's SBM enrollment. *Id.* at 672. The State argued that the defendant was a recidivist but did not offer supporting evidence other than his PRL sentencing worksheet, to which he stipulated. *Id.* The worksheet listed two "prior convictions for felony sex offense against a child and three separate prior convictions of indecent exposure." *Id.* The trial court noted that there did not "seem to be a dispute" that the defendant was a recidivist but did not specify which of his prior convictions were "substantially similar" to reportable North Carolina convictions. *Id.* It then ordered the defendant to register as a sex-offender and enroll in lifetime SBM. *Id.* On appeal, the defendant argued that "the trial court's conclusion that he was a recidivist was not supported by findings . . . as to which prior

conviction [so] qualified [him]" and that "a stipulation to a [PRL] worksheet reflecting out-of-state convictions cannot constitute a legal conclusion that a particular out-of-state conviction is 'substantially similar' to a particular North Carolina felony or misdemeanor." *Id.* at 764.

## 2. *State's Burden under* Springle

While Defendant acknowledges that *Springle* concerns SBM and not sex-offender registration, he nonetheless conflates their evidentiary burdens and statutory requirements. Specifically, N.C.G.S. § 14-208.40A(a) imposes evidentiary burdens on the State in SBM determinations. In *Springle,* we recognized that "for the purposes of requiring [SBM], the State has the burden of presenting any evidence to the [trial] court that the offender is a recidivist." *Id.* at 765; *see* N.C.G.S. § 14-208.40A(a) (prescribing "[d]etermination of [SBM] requirement by court," where State must "present to the court any evidence of" defendant's recidivism.).[1] We held that the State failed "to prove by a preponderance of the evidence that any of the [defendant's] prior out-of-state convictions were substantially similar to a North Carolina sexual offense." *Springle,* 244 N.C. App. at 767 (citing N.C.G.S. § 15A-1340.14(e) (requiring that the State show substantial similarity by a "preponderance of the evidence" for

---

[1]  *Springle* uses the 2015 version of § 14-208.6; however, subsequent amendments to the SBM statute replace "recidivist" with "reoffender," defining a reoffender as a "person who has two or more convictions for a felony that is described in [N.C.]G.S. § 14-208.6(4)." S.L. 2021-138, § 18(b). For ease of reading, we use the term "recidivist" throughout.

PRL determinations)).[2]

Additionally, our SBM statute requires the trial court to make specific findings. *See* N.C.G.S. § 14-208.40A(b) (After receiving the evidence, the trial court "shall determine" if the offender is a recidivist "and shall make a finding of that determination."). The *Springle* Court recognized that:

> Support for a conclusion of SBM required a determination by the trial court that defendant's prior, out-of-state convictions were reportable convictions based on [N.C.]G.S. § 14-208.6(2b). However, no findings were made, either orally or in writing, as to which of defendant's prior convictions constituted a reportable conviction and qualified him as a recidivist.

*Id*. at 767 (citations omitted). Therefore, this Court held that both the State and the trial court failed to comply with the specific statutory requirements for SBM

---

[2] In *Springle*, we applied N.C.G.S. § 15A-1340.14(e)'s "preponderance of the evidence" standard assessing substantial similarity in PRL determinations to assessing substantial similarity in SBM determinations under N.C.G.S. § 14-208.40A. Section 15A-1340.14(e) provides that, for PRL sentencing purposes, an out-of-state conviction "is classified as a Class I felony if the jurisdiction in which the offense occurred classifies the offense as a felony." A defendant may stipulate that he "has been convicted of a particular out-of-state offense and that this offense is either a felony or misdemeanor under the law of that jurisdiction." *State v. Bohler*, 198 N.C. App. 631, 637–38 (2009); *see State v. Hinton*, 196 N.C. App 750, 755 (2009).

But if the State requests that a conviction be classified at a higher level based on its North Carolina counterpart, the State must prove "*by the preponderance of the evidence*" that the out-of-state offense "is substantially similar to an offense in North Carolina that is classified as a Class I felony or higher." N.C.G.S. § 15A-1340.14(e). If the State meets its burden, the out-of-state offense is classified as the substantially similar offense for PRL purposes. *Id*. "Substantial similarity" is a question of law to which a defendant may not stipulate. *State v. Moore*, 188 N.C. App. 416, 426 (2008) (citation modified). Here, the State classified Defendant's federal felony as the "default" Class I felony. Because the State did not attempt to show that Defendant's convictions were "substantially similar" to a higher North Carolina offense and because Defendant stipulated that the offense was a felony, the State was not required to establish substantial similarity for PRL purposes. While we do not comment on *Springle*'s extension of the burden of proof in N.C.G.S. § 15A-1340.14(e), we decline to extend it beyond the specific applicability of N.C.G.S. § 14-208.40A to SBM determinations.

determinations under N.C.G.S. § 14-208.40A(b).

Nonetheless, *Springle* is irrelevant to the present case because N.C.G.S. § 14-208.40A applies *specifically* to SBM enrollment, not to sex-offender registration. *See Springle*, 224 N.C. App. at 761 (limited to "purposes of [SBM]"). Likewise, the N.C.G.S. § 15A-1340.14(e)'s burdens of proof govern PRL and SBM determinations, not recidivism findings for sex-offender registration.[3] The recidivism statute neither imposes any evidentiary burdens nor requires specific substantial-similarity findings for sex-offender registration purposes. *See* N.C.G.S. § 14-208.6(4)(c). We cannot create a burden where one does not exist and decline to import burdens of proof from one statute to another. *See Ferguson v. Riddle*, 233 N.C. 54, 57 (1950) ("We have no power to add to or subtract from the language of the statute.").

As discussed above, the *Springle* Court held that the trial court failed to meet the SBM statute's requirements because (1) the "oral order determining that defendant was a recidivist and ordering lifetime SBM was never reduced to writing and made part of the proper record" and (2) the subsequent order finding "defendant

---

[3]  Unlike the dissent suggests, this case is separate and apart from petitions for judicial determination under N.C.G.S. § 14-208.12B. Under this determination, an individual convicted of an out-of-state reportable conviction may petition the court to contest his registration requirement by filing a petition to obtain a "judicial determination." *Id*. The petition shall be filed in accordance with specific requirements and served on the State within three days of its filing. *Id*. At the hearing, the State must prove by a preponderance of the evidence that the out-of-state conviction is substantially similar to a North Carolina offense. *Id*. After reviewing the petition and record evidence, the trial court will determine whether the out of state conviction is substantially similar to a reportable conviction. *See In re Pellicciotti*, 285 N.C. App. 451 (2022) (recognizing State's evidentiary burden and reviewing trial court's substantial similarity analysis *de novo*). Because Defendant did not petition for judicial determination, this statute is irrelevant to the present case.

was a recidivist . . . but made no specific findings as to which of defendant's prior convictions qualified him to be a recidivist." *Springle*, 244 N.C. App. at 766. Assuming *arguendo* we were to credit Defendant with preservation, merit, extraordinariness, and an expansive reading of *Springle*, his argument would still fail because the State sufficiently found that Defendant's "final conviction in a federal jurisdiction . . . [wa]s substantially similar to . . . a sexually violent offense" under state law and both *Springle* factors. N.C.G.S. § 14-208.6(4)(c).[4]

### 3. Trial Court's Findings

Although it certainly makes the adjudication easier to follow on appeal, a trial court may compare a prior conviction to a "reportable conviction" not specifically at issue in the hearing itself. *See State v. Wooten*, 194 N.C. App. 524, 529 (2008) ("[T]he prior conviction [need only] be for an offense that *is described in* the statute defining reportable offenses."). This Court recently considered an analogous fact pattern in *State v. Daniels*, 291 N.C. App. 93, *petition for cert. filed*, 385 N.C. 895, *appeal dismissed mem.*, 898 S.E.2d 775 (N.C. 2023). In *Daniels*, this Court considered whether federal carjacking under 18 U.S.C. § 2119 and robbery at our state's common law were "substantially similar offense[s]" for the purposes of posttrial sentencing. *Id.* at 104. The defendant–appellant pleaded guilty to the federal carjacking charge

---

[4]    We note this only to demonstrate the weakness of Defendant's argument and reiterate that *Springle's* burden of proof does not apply to sex-offender registration determinations.

in 2009. *Id.* at 96. In 2022, a Mecklenburg County jury subsequently found him guilty of multiple state-level felonies stemming from an attempted drive-by shooting and subsequent police chase. *Id.* At the sentencing hearing, the trial court concluded that the federal § 2119's "description" and "elements were substantially similar to the North Carolina offense of common-law robbery" and were thus "reflected as a Class G felony on the PRL worksheet." *Id.* (brackets omitted). At no point did the State's prosecution reference common-law robbery prior to this hearing. The *Daniels* Court upheld this sentencing enhancement on appeal, reasoning that "[b]oth the federal carjacking statute and North Carolina's common[-]law robbery require the forceful and violent taking of property." *Id.* at 99. The statutory scheme of this registration program expresses what *Daniels* implies: when determining a recidivist's intra-state registration requirements, a trial court may compare "*an*[*y*]" of subdivision (5)'s "sexually violent offense[s]" to *any* out-of-state "final conviction" for a "substantially similar . . . offense." N.C.G.S. § 208.6(4)(b)–(c).

One of subdivision (5)'s various "[s]exually violent offenses" stands out beyond Defendant's two existing state convictions. *Id.* § 208.6(5). Under § 14-190.17, a defendant commits a Class E felony by sexually exploiting a minor in the second-degree if he:

(1) receives material;
(2) that visually represents;
(3) a minor;
(4) engaged in sexual activity;

- 13 -

(5) while knowing the content of the material.

N.C.G.S. § 14-190.17(a)(2), (d) (citation modified). Federal law similarly criminalizes the:

(1) knowing receipt, 18 U.S.C. § 2252A(a)(2);
(2) of any visual depiction;
(3) of sexually explicit conduct;
(4) where the production involves the use of a minor;
(5) engaging in sexually explicit conduct.

*Id.* § 2256(8)(A) (ellipses omitted); *accord id.* § 2252(a)(2)(A)–(B) (criminalizing "knowing[ ] recei[pt]" "by any means" of "any visual depiction" of "a minor engaging in sexually explicit conduct[ ]" (ellipses omitted)).[5] Through noticeably similar phraseology, all three of these cited statutes require (1) a knowing *mens rea*, (2) the filmographic visualization of a minor engaging in sexual activity, and (3) a defendant's receipt of that visualization. Thus, these statutes are all "substantially similar," N.C.G.S. § 208.6(4)(c), to one another as a "mixed question of law or fact." *Hanton*, 175 N.C. App. 250, 254 (2006) (quotation omitted).

Here, at Defendant's sentencing hearing, the State submitted Defendant's PRL worksheet that included his prior federal conviction for receipt of child pornography. To be fair, the trial court may have erred by not ensuring that the record specified

---

[5]   This particular federal crime also requires that the defendant solicit the "child pornography using any means of interstate commerce." 18 U.S.C. § 2252A(a)(2)(A) (ellipses omitted). Because "invok[ing] federal jurisdiction" does not (absent more) "distinguish the crimes" at issue, we omit this element of § 2252A from the discussion here. *State v. Daniels*, 291 N.C. App. 93, 100–01, *petition for cert. filed*, 385 N.C. 895, *appeal dismissed mem.*, 898 S.E.2d 775 (N.C. 2023).

the U.S.C. citation for which Defendant stipulated his prior federal conviction. But only two extant federal statutes use some derivation of the phrase *Receipt of Child Pornography* in the passive sense: 18 U.S.C. §§ 2252(a)(2), 2252A(a)(2)(A).[6] The trial court could have logically considered only one of these two federal crimes in finding on the AOC form that Defendant "has been convicted of a reportable conviction under [N.C.]G.S. [§] 14-208.6, specifically . . . a sexually violent offense under [N.C.]G.S. § 14-208.6(5)." Because both of these analogous federal statutes are "substantially similar" to at least one "sexually violent offense" under state law, any possible error from the trial court's use of either § 2252 or § 2252A is harmless at most.

We have even less reason to question the application of these laws to the facts in the record. Defendant stipulated on that PRL worksheet to "recei[ving] . . . child pornography" and acknowledged in open court how it rendered him a "Level II [offender] for sentencing purposes." The State later referenced both the prior "federal judgment" and the recidivism statute when characterizing the former as a "sexually violent offense." The trial court analyzed and subsequently found substantial similarity by checking the box on the AOC-CR-615that Defendant was a recidivist. Defendant had only one prior reportable conviction that qualified him as much. *See*

---

[6]   We briefly note a third federal statute that also criminalizes the "knowing[ ] publi[cation of] any advertisement seeking or offering to receive any visual depiction involv[ing] a minor engaging in sexually explicit conduct." 18 U.S.C. § 2251(d)(1)(A) (ellipses omitted). The parties only discussed Defendant's "downloading child porn" at his hearing in a passive sense.  Thus, we need not consider whether the trial court may have intended § 2251 as Defendant's "prior conviction."

*Springle*, 244 N.C. App. at 766. Through its colloquy with Defendant, the trial court recognized the substantial-similarity finding; its concurrent writing via AOC-CR-615 supports the recidivist conclusion. Thus, competent evidence supports the trial court's resulting findings.

Defendant procedurally barred his own appellate argument by neither raising it in the trial court nor filing a proper written notice. He fails to show that his argument is meritorious, that the trial court probably committed error, *Cryan v. Nat'l Council of YMCAs of U.S.*, 384 N.C. 569, 572 (2023),[7] or that this Court's refusal to invoke Rule 2 would result in "manifest injustice." Rule 2. Defendant cannot demonstrate that the trial court prejudicially erred by finding him to be a recidivist and ordering him to submit to lifetime sex-offender registration. Because his argument is meritless, we lack jurisdiction over his appeal. We decline to create an argument for Defendant.

## III.    Conclusion

For the reasons above, this Court denies Defendant's PWC and dismisses his appeal.

DISMISSED.

---

[7] Because Defendant's PWC fails to show merit, we need not evaluate its extraordinariness. *Cryan v. Nat'l Council of YMCAs of U.S.*, 384 N.C. 569, 572–73 (2023).

Judge GORE concurs.

Judge HAMPSON dissents by separate opinion.

An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

No. COA24-672 – *State v. Davis*

HAMPSON, Judge, dissenting.

"[A] defect in a notice of appeal 'should not result in loss of the appeal as long as the intent to appeal . . . can be fairly inferred from the notice and the appellee is not misled by the mistake.'" *State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 518, 521 (2016) (quoting *Phelps Staffing, LLC v. S.C. Phelps, Inc.*, 217 N.C. App. 403, 410, 720 S.E.2d 785, 791 (2011)). In this case, Defendant's Notice of Appeal was insufficient to confer jurisdiction on this Court because it was not given in writing. *See In re Laliveres*, 292 N.C. App. 422, 424, 898 S.E.2d 780, 781-82 (2024). Defendant, acknowledging this defect, filed a Petition for Writ of *Certiorari* to allow us to hear his appeal.[8]

The Majority, in denying Defendant's Petition for Writ of *Certiorari*, contends Defendant not only failed to properly file his Notice of Appeal but also failed to preserve his substantive arguments before this Court because he did not object "to the trial court's finding that his federal offense was substantially similar to a

---

[8] Indeed, this Court has repeatedly allowed the writ under this same set of facts. *See, e.g.*, *State v. Brooks*, 204 N.C. App. 193, 194-95, 693 S.E.2d 204, 206 (2010) (allowing the defendant's petition for writ of *certiorari* and addressing the merits of his appeal where his notice of appeal was insufficient because it was given orally instead of in writing); *In re Laliveres*, 292 N.C. App. at 424, 898 S.E.2d at 782 (same); *State v. Morris*, 246 N.C. App. 349, 351, 783 S.E.2d 528, 529 (2016) (same); *State v. Blue*, 246 N.C. App. 259, 263, 783 S.E.2d 524, 526 (2016) (same); *State v. Barnes*, 278 N.C. App. 245, 247-48, 862 S.E.2d 852, 854 (2021) (same).

reportable North Carolina offense." It is true, we have declined to allow the writ where a defendant has not only failed to properly give notice of appeal but also failed to preserve his substantive arguments. *See State v. Cozart*, 260 N.C. App. 96, 99–101, 817 S.E.2d 599, 601–03 (2018). However, in the case *sub judice*, even assuming Defendant did fail to object to the trial court's alleged finding, Defendant's argument is nonetheless preserved because an argument as to "whether the judgment is supported by . . . the findings of fact and conclusions of law[ ]" is preserved for appellate review even where counsel does not make a request, objection, or motion before the trial court. *See* N.C.R. App. P. 10(a)(1).

On appeal to this Court, Defendant argues the trial court erred in determining he is a recidivist and ordering him to register as a sex offender for his natural life without first finding that his prior federal conviction is substantially similar to a North Carolina offense. As such, I would hold Defendant's argument is preserved for review and allow his Petition for Writ of *Certiorari* to address the merits of his appeal.[9]

In this case, it is undisputed that Defendant pleaded guilty to a "reportable offense," which our statutes define as a "an offense against a minor, a sexually violent offense, or an attempt to commit any of those offenses unless the conviction is for aiding and abetting." N.C. Gen. Stat. § 14-208.6(4)(a) (2023). When a criminal

---

[9] Because Defendant's substantive argument is preserved, there is no need to invoke Rule 2.

defendant is convicted of a reportable offense, the State "shall present to the trial court any evidence that the defendant is a reoffender."[10] N.C. Gen. Stat. § 14-208.40A(a)(2). This includes evidence the defendant has a final conviction in another state or a federal jurisdiction for an offense "which is substantially similar to an offense against a minor or a sexually violent offense as defined by [Section 14-208.6(4)]." *Id.* § 14-208.6(4)(b), (c). Based on the evidence presented, the trial court must determine whether the defendant is required to register as a sex offender for his natural life versus a period of thirty years. *Id.* § 14-208.7; *see also id.* § 14-208.23 ("A person who is a recidivist . . . shall maintain registration for the person's life.").

Here, the trial court determined Defendant had "been convicted in federal court of a prior reportable conviction" and found he was a recidivist:

> [Trial Court]: The Court has read the statute, and applying a plain reading, the Court notes 2(b), a recidivist is defined as a person who has a prior conviction of an offense that is described in the statute. The Court notes the defendant has been convicted in federal court of a prior reportable conviction.

Based on this finding, the trial court ordered Defendant to register as a sex offender for his natural life. However, nothing in the Record indicates the trial court found

---

10    Here, the State argued Defendant is a "recidivist," rather than a "reoffender." The distinguishing factor between a "reoffender" and a "recidivist" is that a person needs to have only one prior reportable conviction to be considered a recidivist, whereas they must have at least two prior reportable felony convictions to be a reoffender. *See* N.C. Gen. Stat. § 14-208.6(3e) (2023) (reoffender); *id.* § 14-208.6(2b) (recidivist).

Defendant's federal conviction to be substantially similar to any North Carolina offense or conducted any analysis of that kind.[11]

While this Court has held the trial court is not required to descriptively outline its analysis of the offenses at issue so long as it "technically make[s]" a finding the offenses are substantially similar, *see State v. Fortney*, 201 N.C. App. 662, 671, 687 S.E.2d 518, 525 (2010), even assuming in this case that the trial court had made an express finding of substantial similarity, there is no evidence in the Record to support such a finding. *See State v. Kilby*, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) ("[W]e review the trial court's findings of fact to determine whether they are supported by competent record evidence . . . ." (citation and quotation marks omitted)).

"To require a person to register for a federal conviction under N.C.G.S. §§ 14-208.6(4)(c) and 14-208.7, the State has the burden to prove by a preponderance of the evidence that a person's federal conviction is for an offense that, if committed in North Carolina, was substantially similar to a sexually violent offense." *In re*

---

[11] Thus, I cannot agree with the State that the trial court "plainly stated" an understanding of the need for Defendant's federal conviction to be substantially similar to a North Carolina offense or that the trial court "clearly analyzed the issue of substantial similarity" when the Record simply does not show any such analysis. To be sure, I do not doubt the trial court's understanding of the law. The State, however, mischaracterizes the colloquy between the trial court and the parties at sentencing by asserting that the trial court clearly addressed the similarity of Defendant's federal conviction to any North Carolina offense.

*Alcantara*, 291 N.C. App. 430, 431, 896 S.E.2d 430, 152 (2023).[12] Our Supreme Court has clearly instructed that "for a party to meet its burden of establishing substantial similarity of an out-of-state offense to a North Carolina offense by the preponderance of the evidence, the party seeking the determination of substantial similarity *must provide evidence of the applicable law*." *State v. Sanders*, 367 N.C. 716, 719, 766 S.E.2d 331, 333 (2014) (emphasis added); *see also State v. Rich*, 130 N.C. App. 113, 117, 502 S.E.2d 49, 52 (1998) (copies of New York and New Jersey statutes "were sufficient to prove by a preponderance of the evidence that the crimes of which defendant was convicted in those states were substantially similar to [felonies] in North Carolina"); *cf. State v. Wright*, 210 N.C. App. 52, 70-72, 708 S.E.2d 112, 125–26 (2011) (remanding for resentencing where the State failed to provide copies of the out-of-state and North Carolina statutes).

Based on the Record before us, there is no evidence the State produced copies of the federal statute under which Defendant was convicted or of the corresponding North Carolina statute to which Defendant's federal conviction is allegedly similar. Thus, there is no competent evidence to support the trial court's Finding that Defendant is a recidivist. *See In re Alcantara*, 291 N.C. App. at 434, 896 S.E.2d at

---

[12] This is consistent with our application of the burden of proof for demonstrating "substantial similarity" in other contexts. *See* N.C. Gen. Stat. § 14-208.12B(c) (the State must prove substantial similarity of out-of-state or federal conviction for purposes of sex offender registration renewal); *id.* § 15A-1340.14(e) (the party seeking to show offenses are substantially similar in context of felony sentencing bears the burden of doing so by the preponderance of the evidence).

154; *Springle*, 244 N.C. App. at 767, 781 S.E.2d at 523 ("There is nothing in the transcript of the hearing or in the written order to indicate the trial court found any of defendant's out-of-state convictions substantially similar to a North Carolina offense; thus, there was no competent evidence to support the trial court's finding that defendant was a recidivist."). At most, the Record shows the State produced a prior record level worksheet in which Defendant stipulated to a conviction for "Receipt of Child Pornography" in the Middle District of North Carolina; we have previously held a prior record level worksheet alone, even with a defendant's stipulation, is insufficient to meet the burden of proving substantial similarity between statutes. *See Springle*, 244 N.C. App. at 766–67, 781 S.E.2d at 523; *Wright*, 210 N.C. App. at 71–72, 708 S.E.2d at 125–26.

The Majority interjects its own reasoning as to how the trial court reached its determination that Defendant is a recidivist, stating that because only two federal statutes use some derivation of the phrase "Receipt of Child Pornography," the trial could "could have logically considered only one" of these two federal offenses in finding Defendant has been convicted of a sexually violent offense under N.C. Gen. Stat. § 14-208.6(5).[13] The Majority further asserts that because both of the federal

---

[13] I note the Majority does not seem to assert the trial court in fact made a finding that Defendant's conviction for "Receipt of Child Pornography" is substantially similar to a North Carolina offense. Rather, implicit in the Majority's analysis is a determination that a finding that Defendant is a *recidivist* is sufficient to constitute a finding the underlying convictions at issue are substantially similar. However, this conflicts with this Court's prior decision in *Springle*. *See Springle*, 244

statutes *it* has identified are substantially similar to at least one sexually violent offense under our state law, any possible error arising from the trial court's failure to make a finding of substantial similarity is harmless at most. In doing so, the Majority inappropriately relieves the State of meeting its burden of proof and makes arguments for the State that it has not made either before the trial court or on appeal.

Regardless of the "logical" possibilities, the Record is silent as to what statutes the trial court actually considered—or if it considered the statutes at all. The Majority's conclusion may be correct, "but it is not the proper role of this Court to engage in that determination in this case as neither we nor the trial court were presented with the necessary facts to make such a determination." *State v. Henderson*, 201 N.C. App. 381, 388, 689 S.E.2d 462, 467 (2009) (citing *State v. Palmateer*, 179 N.C. App. 579, 581, 634 S.E.2d 592, 593 (2006)); *cf. State v. Riley*, 253 N.C. App. 819, 825, 802 S.E.2d 494, 498 (2017) (concluding the State's failure to meet its burden of proof at sentencing was harmless because the record contained sufficient evidence for the Court to determine that the defendant's prior conviction in federal court was substantially similar to a North Carolina offense).

The Majority also makes much of the fact that the trial court "check[ed] the

---

N.C. App. at 767, 781 S.E.2d at 523 (holding there was "no competent evidence to support the trial court's finding that defendant was a recidivist" where "the State offered no statutes . . . to prove by a preponderance of the evidence that any" of the defendant's prior out-of-state convictions were substantially similar to any North Carolina offense).

box that Defendant was a recidivist on the AOC-CR-615." In *State v. Legrand*, the defendant argued the trial court did not properly find his out-of-state conviction was substantially similar to a North Carolina offense because there was "nothing in the transcript of the sentencing hearing where the trial court recounted or detailed the evidence from the State proving substantial similarity between [the defendant's] out-of-state offenses and North Carolina offenses." 289 N.C. App. 572, 580, 891 S.E.2d 1, 6 (2023). This Court disagreed, noting the trial court had "checked a box on [the defendant's prior record level worksheet] confirming it made this finding." *Id.*

In this case, the trial court notably did *not* check the box indicating a finding that Defendant's conviction for "Receipt of Child Pornography" is substantially similar to a North Carolina offense. The trial court marked the box on the AOC-CR-615 form finding that Defendant is a *recidivist*, but this is not a finding that the underlying conviction supporting this determination is substantially similar to a North Carolina offense. Here, the trial court simply did not make any such finding, orally or written, and there was no competent evidence to support any such finding.

Further, *State v. Daniels*, which the Majority relies upon in support of its decision, is readily distinguishable to the present case. The issue in that case was whether the trial court properly found the defendant's federal conviction for carjacking was substantially similar to the North Carolina offense of common law robbery. *State v. Daniels*, 291 N.C. App. 93, 97, 894 S.E.2d 267, 271 (2023), *cert. denied, appeal dismissed mem.*, _ N.C. _, 898 S.E.2d 775 (2024). There, it was

8

undisputed that the trial court had found the offenses were substantially similar. *Id.* at 96, 894 S.E.2d at 270. Here, as explained at length, the trial court made no such finding.

"The North Carolina Supreme Court has stated that the requirement of making findings of fact is not a 'mere formality' or an 'empty ritual.' " *Springle*, 244 N.C. App. at 766, 781 S.E.2d at 522 (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). "Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself." *Coble*, 300 N.C. at 714, 268 S.E.2d at 190. "Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto." *Id.*

I decline to insert my own judgment where the Record is silent. *See Henderson*, 201 N.C. App. at 388, 689 S.E.2d at 467 ("Although we recognize that it may be possible for a record to contain sufficient information regarding an out-of-state conviction for this Court to determine if it is substantially similar to a North Carolina offense, the record before us does not."); s*ee also* N.C. R. App. P. 9(a) ("In appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal."). Thus, there was insufficient evidence from which the trial court could have found Defendant is a recidivist. *See Springle*, 244 N.C. App. at 767, 781 S.E.2d at 523. Therefore, the State failed to meet its burden of proving Defendant's prior

conviction is substantially similar to a North Carolina offense.  Consequently, I would remand this case for resentencing.  *See Henderson*, 201 N.C. App. at 388, 689 S.E.2d at 467 (citation omitted); *see also Wright*, 210 N.C. App. at 72, 708 S.E.2d at 126 ("Since the State failed to demonstrate the substantial similarity of Defendant's out-of-state convictions to North Carolina crimes and since the trial court failed to determine whether the out-of-state convictions were substantially similar to North Carolina offenses, we must remand for resentencing.").  Accordingly, I respectfully dissent.